IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| KAI D. INGRAM, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 21-359 |
| | ) | Judge Marilyn J. Horan/ |
| v. | ) | Magistrate Judge Patricia L. Dodge |
| | ) | |
| SCI SMITHFIELD, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM ORDER

This case has been referred to United States Magistrate Judge Patricia L. Dodge for pretrial proceedings in accordance with the Magistrate Judges Act, 28 U.S.C. § 636(b)(1), and Rule 72 of the Local Rules for Magistrate Judges. On February 2, 2022, the Magistrate Judge issued a Report and Recommendation, ECF No. 37, recommending that Defendants' Motion to Dismiss, ECF No. 32, be granted, and that leave to amend the Complaint be denied. On February 18, 2022, Plaintiff timely filed Objections. ECF No. 38.

The filing of timely objections requires the district judge to "make a de novo determination of those portions of the report . . . to which objection is made." 28 U.S.C. § 636(b)(1); Sample v. Diecks, 885 F.2d 1099, 1106 n. 3 (3d Cir. 1989); Fed. R. Civ. P. 72(b)(3). Following a de novo review of the relevant pleadings and documents in this case, together with the Report and Recommendation, and Objections thereto, the Court finds that Plaintiff's Objections do not undermine the recommendation of the Magistrate Judge.

Mr. Ingram Objects to the dismissal of Defendants employed by the SCI-Smithfield and SCI-Greene in their individual capacities arguing that each individual named was aware or was

made aware of constitutional violations. He also argues that the personal involvement of individuals from the Pennsylvania State Parole Board's is that they signed Mr. Ingram's February 10, 2021 Notice of Parole Violation. The Court has reviewed the Magistrate Judge's Report and sees no error in the conclusion that the individually named defendants should be dismissed from this action for lack of personal involvement. Mr. Ingram was notified of his alleged parole violation on February 10, 2021. He had a Parole Violation Hearing on February 22, 2021, after which his parole was revoked. There is no constitutional violation based on parties signing their name to a valid Notice of Parole Violation. In addition, the mere fact that Mr. Ingram may have filed a grievance, written a letter, or told someone of his alleged constitutional violations is insufficient to establish that person's personal involvement in a constitutional deprivation of rights. Rieco v. Moran, 2015 WL 1898140 (W.D. Pa. 2015); Okey v. Strebig, 2012 WL 5439042 (M.D. Pa. 2012); Alexander v. Fritsch, 2010 WL 1257709 (W.D. Pa. 2010); Bullock v. Horn, 2000 WL 1839171 (M.D. Pa. 2000).

Next, Mr. Ingram Objects to dismissal of his false arrest and false imprisonment Fourth Amendment Claims, as he claims the record shows that he was arrested without probable cause on February 3, 2021, and that Defendants cannot manufacture probable cause for the arrest through a post-dated notice of parole violation. As stated by Mr. Ingram in his Complaint, "On February 3, 2021, the Complainant surrendered himself [to] the Parole Offices located in Scranton, PA. as a result of not reporting." Compl. ¶ 2. He was detained, was served with a Notice of Parole Violation, was provided due process through a hearing on February 22, 2021, and found to be in violation of his parole. Such events do not establish a Fourth Amendment Constitutional violation. Moreover, for the reasons stated in the Report, Mr. Ingram's Fourth

Amendment claims, as well as his Fourteenth Amendment due process claim, must be dismissed as contrary to the rule in Heck v Humphrey, 512 U.S. 477 (1994). Finally, the Court finds no error with the Magistrate Judge's alternative conclusion that Mr. Ingram's Fourteenth Amendment claim must be dismissed because he cannot show prejudice.

Plaintiff's Objections are overruled, and the Report and Recommendation will be adopted as the Opinion of the Court.

Accordingly, the following order is entered:

AND NOW, this 7th day of March 2022, it is hereby ORDERED as follows:

The Magistrate Judge's Report and Recommendation, ECF No. 37, dated February 2, 2022, is adopted as the Opinion of the Court. Defendants' Motion to Dismiss (ECF No. 32) is GRANTED.

IT IS FURTHER ORDERED that SCI Smithfield, the Pennsylvania Board of Probation and Parole, and individuals named in their official capacities are dismissed from this action with prejudice. All claims brought against SCI Smithfield and the Pennsylvania Board of Probation and Parole, and all claims brough against the individual defendants in their official capacities, are dismissed with prejudice, as all such claims are barred under Eleventh Amendment immunity.

All claims asserted against defendants in their individual capacities are dismissed for failure to allege their personal involvement.

Mr. Ingram's Fourth and Fourteenth Amendment claims are dismissed with prejudice, as all such claims are  barred under Heck v Humphrey, 512 U.S. 477 (1994). Mr. Ingram's Fourteenth Amendment due process claim is dismissed for the additional reason that he cannot show how he was prejudiced by the alleged violation of his procedural due process rights.

As to whether to grant leave to amend, the Court agrees with the Magistrate Judge's recommendation to deny such leave, as any amendment would be futile for the reasons stated in the Report and Recommendation.  ECF No. 37, at 20-21.

Accordingly, all claims asserted by Mr. Ingram are dismissed, and the Complaint is dismissed with prejudice.

  s/*Marilyn J. Horan*
Marilyn J. Horan
United States District Judge

cc:    Kai D. Ingram, pro se
        HC8003
        SCI-GREENE
        169 PROGRESS DRIVE
        WAYNESBURG, PA 15370